R UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN PAUL SANDGREN,

        Plaintiff,

  v.                                Case No. 24-cv-1523-bhl

DOUGLAS COLLINS and the DEPARTMENT
OF VETERAN AFFAIRS,

        Defendants.

### ORDER OF DISMISSAL PURSUANT TO FED. R. CIV. P 4(m)

      On November 25, 2024, Plaintiff Kevin Sandgren filed a complaint against Defendants Douglas Collins[1] and the Department of Veteran Affairs. (ECF No. 1.) Defendants have yet to make an appearance in the case. On March 3, 2025, the Court gave Sandgren until March 17, 2025 to file either proof of service or a written explanation establishing good cause for his failure to complete timely service. (ECF No. 4.) On March 10, 2025, Sandgren filed a "Respon[se] to Order," indicating that he "drop[ped] off the court paperwork" at the U.S. Attorney's office on November 25, 2024. (ECF No. 5.) On March 17, 2025, the Court issued a second order concerning the need for Sandgren to file proof of service and explaining why Sandgren's response was insufficient. (ECF No. 6.) The Court first noted that Sandgren is required to file *proof* of service and that a letter stating that service has been made is insufficient. (ECF No. 6 at 1 (citing Fed. R. Civ. P. 4(l)(1).) The Court also explained that, even if Sandgren had filed an affidavit swearing to the facts in his response, he would still have fallen short of his service obligations. (ECF No. 6 at 2.) Among other things, Federal Rule of Civil Procedure 4(c) requires that service be made by someone over the age of 18 who is not a party to the case. (*Id.* (citing Fed. R. Civ. P. 4(c)(1)–(2)).) Sandgren cannot simply drop off papers at the U.S. Attorney's office; he is a party.

---

[1] While the complaint initially asserts claims against Denis McDonough, the then-Secretary for the Department of Veteran Affairs, Douglas Collins has since taken over the position. Accordingly, he is automatically substituted as the Defendant pursuant to Fed. R. Civ. P. 25(d).

Moreover, service of process on a federal agency defendant has additional requirements. (*Id.* (citing Fed. R. Civ. P. 4(i)(1)–(2)).)

On March 25, 2025, Sandgren filed a "Reply to Court Order." (ECF No. 7.) He indicates that his son hand delivered a "notice of court filing" to the U.S. attorney's office and that he sent materials by certified mail "about" his court filing to the Secretary of Veteran Affairs and the Department of Justice. (*Id.*) He then vents his frustration about court proceedings, including an apparent appeal in the Seventh Circuit, reiterates his complaints against the Defendants, and asks the Court to set a hearing. (*Id.* at 1–2.)

At this point, despite two Court orders, the record confirms that Sandgren has still not provided proof of service of the complaint on the defendant. First, proof of service requires *proof*. As the Court has previously explained to Sandgren, he must file evidence of service in the form of an affidavit or similar sworn statement. Fed. R. Civ. P. 4(l)(1). Sandgren's Reply is not sworn and is therefore insufficient. Second, Sandgren's filings still do not confirm compliance with the service requirements in Rule 4(i)(1)–(2). Because Sandgren is suing a federal agency, he must (1) deliver a copy of the summons and of the complaint to the United States attorney for the Eastern District of Wisconsin—or to an assistant United States attorney or clerical employee whom the United States attorney has designated in a writing filed with the court clerk—or send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; (2) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) send a copy of each by registered or certified mail to the officer and agency. Fed. R. Civ. P. 4(i)(1)–(2). Sandgren's Reply makes no mention of whether a copy of the summons and complaint were included in the documents provided to the U.S. attorney's office, the Secretary of Veteran Affairs, or the Department of Justice.

Sandgren's failure to prove proper service is not an insignificant matter. Without proper service, the Court cannot exercise personal jurisdiction over the Defendants. *See* Fed. R. Civ. P. 4(k)(1). And the details of the rule matter. It is not enough that Sandgren has provided informal notice of the litigation to the Defendants; he must follow the rules of service precisely to invoke the Court's jurisdiction. *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991).

Sandgren is now well past the deadline for completing service. Under Rule 4(m), if a defendant is not served within 90 days after the complaint is filed, the court, on its own after notice

to the plaintiff, must dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). The Court has notified Sandgren of his service obligations and has twice extended the time for him to serve the Defendants. (ECF Nos. 4 & 6.) Despite these extensions, Sandgren has failed to file proof of proper service. Accordingly, the Court will dismiss the case without prejudice.

**IT IS HEREBY ORDERED** that the case is **DISMISSED without prejudice**. The Clerk is instructed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on April 11, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge